UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | |
|---|---|---|
| PATRICIA J. PORCELLO, | : | CIVIL ACTION NO. 2:13-cv-04159 |
| | : | |
|     Plaintiff, | : | Hon. Stanley R. Chesler, USDC |
| v. | : | Hon. Cathy L. Waldor, USMJ |
| | : | |
| THE WALT DISNEY COMPANY, EURO | : | |
| DISNEY S.C.A. d/b/a DISNEYLAND PARIS, | : | |
| EURO DISNEY ASSOCIES S.C.A. d/b/a | : | |
| DISNEYLAND PARIS and JOHN DOES 1-100, | : | |
| | : | |
|     Defendant(s). | : | |
| | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

---

**BRIEF OF DEFENDANT THE WALT DISNEY COMPANY IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

---

James M. Altieri
Erin M. Turner
DRINKER BIDDLE & REATH LLP
A Delaware Limited Liability Partnership
500 Campus Drive
Florham Park, New Jersey 07932-1047
(973) 549-7000
Attorneys for Defendant,
The Walt Disney Company

On the Brief:  Erin M. Turner
Of Counsel:    James M. Altieri

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................. ii

PRELIMINARY STATEMENT ............................................................................. 1

I.     PROCEDURAL HISTORY.......................................................................... 1

II.    STATEMENT OF FACTS ........................................................................... 2

III.   ARGUMENT

      A.     THE COURT SHOULD DISMISS MS. PORCELLO'S
            COMPLAINT BECAUSE THE COURT LACKS PERSONAL
            JURISDICTION OVER TWDC ................................................... 3

      1.     Legal Standard For A Motion To Dismiss Pursuant To Rule
            12(b)(2) ....................................................................................... 3

      2.     Principles Governing Personal Jurisdiction Inquiry ................................. 4

      3.     Plaintiff Cannot Sustain Her Burden Of Proving That TWDC Has
            Sufficient Contacts With New Jersey To Support Jurisdiction ................ 6

      B.     THE COURT SHOULD DISMISS MS. PORCELLO'S
            COMPLAINT BECAUSE VENUE IS IMPROPER .............................. 10

      1.     Standard For A Motion To Dismiss Pursuant to Rule 12(b)(3).............. 10

      2.     Standards Governing Venue Inquiry ....................................................... 10

      3.     Venue Is Improper In The District Of New Jersey ................................. 11

CONCLUSION................................................................................................. 13

i

# TABLE OF AUTHORITIES

**Page(s)**

CASES

A.V. Imps., Inc. v. Col de Fratta, S.p.A.,
    171 F. Supp. 2d 369 (D.N.J. 2001) ...................................................................4

Abramson v. Walt Disney Co.,
    132 Fed. Appx. 273 (11th Cir. 2005) ...............................................................9

Ajax Enters. v. Szymoniak Law Firm, P.A.,
    No. 05-5903, 2008 WL 1733095 (D.N.J. Apr. 10, 2008) ................................3

Amberson Holdings LLC v. Westside Story Newspaper,
    110 F. Supp. 2d 332 (D.N.J. 2000) ...................................................................4

Bahamondes v. Walt Disney Company d/b/a Walt Disney World Co.,
    Docket No. OCN-L-1595-96 (N.J. Super., Law Div., Nov. 22, 1996) ...................8

Barrett v. Walt Disney Co.,
    3:02CV1285, 2003 WL 22509409 (D. Conn. May 1, 2003) .........................9

Boily v. Walt Disney World Co., et al.,
    Civil Act. No. 08-4967 (D.N.J. May 1, 2009) .................................................8

Bockman v. First Am. Marketing Corp.,
    459 Fed. Appx. 157 (3d Cir. 2012) .................................................................10

Bostrom v. Walt Disney World Co.,
    Civil Act. No. 99-5180 (D.N.J. May 10, 2000) ...............................................8

Burger King Corp. v. Rudzewicz,
    471 U.S. 462 (1985) .......................................................................................5, 6

Cataret Sav. Bank, FA v. Shushan,
    954 F.2d 141 (3d Cir. 1992) .............................................................................4

China Am. Coop. Inc. v. Estrada Rivera Enters. Corp.,
    No. 07-5156, 2008 WL 205744 (D.N.J. Jan 25, 2008) .....................................4

Costa v. Marriott Int'l, Inc.,
    2012 WL 6151745 (E.D. Pa. Dec. 11, 2012) .................................................11

Cottman Transmission Systems, Inc. v. Martino,
    36 F.3d 291 (3d Cir. 1994) ...........................................................................11

# TABLE OF AUTHORITIES
(continued)

Page

Davis v. Walt Disney World,
  Docket No. MID-L-8076 (N.J. Super., Law Div., Jan. 29, 1999) ............................................8

Dollar Sav. Bank v. First Sec. Bank of Utah,
  746 F.2d 208 (3d Cir. 1984)..................................................................................................5

Dondarski v. Walt Disney World Co.,
  Docket No. DC-2622-99 (Law Div., Spec. Civ. Pt., June 4, 1999)........................................8

Hanson v. Denckla,
  357 U.S. 235 (1958)..............................................................................................................5

Helicopteros Nacionales de Colom., S.A. v. Hall,
  466 U.S. 408 (1984)..............................................................................................................6

Horan v. Walt Disney World Co.,
  Docket No. MON-L-5265-96 (N.J. Super., Law Div., Mar. 7, 1997) ....................................8

Int'l Shoe Co. v. Washington,
  326 U.S. 310 (1946)...........................................................................................................5, 6

Iocona v. Walt Disney World Co., et al.,
  Civil Act. No. 04-3050 (D.N.J. May 17, 2005) ....................................................................8

Jamison v. Walt Disney World, Inc.,
  Docket No. MON-L-6011-95 (N.J. Super., Law Div., Mar. 1, 1996) ....................................8

Kozikowski v. Walt Disney World Co.,
  Civ. Act. No. 02-2216 (D.N.J. Feb. 7, 2003).......................................................................8

Krebs v. Walt Disney World Co. et al.,
  Civil Act. No.08-5177 (JAP) (D.N.J. May 20, 2009), ..........................................................8

Kulko v. Superior Court of Cal.,
  436 U.S. 84 (1978)................................................................................................................5

Lapidus v. Walt Disney World Co.,
  Docket No. ESX-L-4258-97 (N.J. Super., Law Div., May 7, 1999) ......................................8

Mahanna v. Walt Disney, Inc., et al.,
  Docket No. HUD-L-007428-02 (N.J. Super., Law Div., August 25, 2003)............................8

Marchiafava v. Walt Disney World Co.,
  Docket No. CAM-L-2049-90 (N.J. Super., Law Division, March 15, 1991)...........................9

# TABLE OF AUTHORITIES
(continued)

Page

Melton-Levine v. Walt Disney World Company, et al.,
   Docket No. ESX-L-000397-95 (N.J. Super., Law Div., Sept. 27, 1996) ............................8, 9

Miller Yacht Sales, Inc. v. Smith,
   384 F.3d 93 (3d Cir. 2004).................................................................................................4

Myers v. Am. Dental Ass'n,
   695 F.2d 716 (3d Cir. 1982)..............................................................................................10

North Penn Gas Co. v. Corning Natural Gas Corp.,
   897 F.2d 687 (3d Cir. 1990)................................................................................................3

Panella v. O'Brien,
   2006 WL 2466858 (D.N.J. Aug. 24, 2006) .......................................................................4

Parker v. Learn the Skills Corp.,
   219 Fed. Appx. 187 (3d Cir. 2007)....................................................................................3

Patterson v. FBI,
   893 F.2d 595 (3d Cir. 1990)...............................................................................................3

Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n.,
   819 F.2d 434 (3d Cir. 1987)........................................................................................4, 6, 7

Regan v. Loewenstein,
   292 Fed. Appx. 200 (3d Cir. 2008).....................................................................................3

Reliance Steel Prod. Co. v. Watson, Ess, Marshall & Enggas,
   675 F.2d 587 (3d Cir. 1982)...............................................................................................6

Roach v. Walt Disney World Co.,
   Docket No. MID-L-11630-96 (N.J. Super., Law Div., Apr. 21, 1997) ..................................8

Rosato v. Walt Disney Co.,
   No. 11-7320, 2012 WL 4464030 (D.N.J. Aug. 27, 2012) .......................................................9

Shaffer v. Heitner,
   433 U.S. 186 (1977) .............................................................................................................5

Time Share Vacation Club v. Atl. Resorts, Ltd.,
   735 F.2d 61 (3d Cir. 1984)..................................................................................................3

Vacca v. Walt Disney World Co., et al.,
   Civ. Act. No. 91-4110 (D.N.J. Jan. 6,1992) ......................................................................8

iv

**TABLE OF AUTHORITIES**
(continued)

Page

Wissman v. Walt Disney World Co.,
  Civ. Act. No. 02-4566 (D.N.J. Sept. 4, 2003)..........................................................8,9

World-Wide Volkswagen Corp. v. Woodson,
  444 U.S. 286 (1980)..........................................................................................5

**STATUTES, RULES & REGULATIONS**

28 U.S.C. § 1391............................................................................................10, 11, 12

28 U.S.C. § 1406................................................................................................4

28 U.S.C. § 1631................................................................................................4

Fed. R. Civ. P. 4(e) ...........................................................................................4

Fed. R. Civ. P. 12(b) .................................................................................3, 4, 10, 12

## PRELIMINARY STATEMENT

Defendant The Walt Disney Company ("TWDC") respectfully submits this brief in support of its motion to dismiss for lack of personal jurisdiction and improper venue.  Plaintiff Patricia Porcello seeks damages from TWDC and two French entities, Euro Disney S.C.A. and Euro Disney Associes S.C.A., for injuries she allegedly suffered when she slipped and fell at the Disneyland Paris Park in Marne-la-Vallèe, France.   TWDC does not own or operate the Disneyland Paris Park, and is an improper defendant in this case.  Furthermore, Ms. Porcello does not allege and cannot prove any facts that could support a finding that this Court has personal jurisdiction over TWDC.

TWDC does not have any continuous, substantial or systematic contacts with New Jersey that could possibly subject it to general jurisdiction.  Specific jurisdiction likewise cannot exist, because Ms. Porcello's claim is based on alleged acts and/or omissions of Euro Disney S.C.A. and Euro Disney Associes S.C.A. in Paris, France, not New Jersey.  Therefore, the Court should dismiss Ms. Porcello's complaint based on lack of personal jurisdiction.   Moreover,   because TWDC is not subject to personal jurisdiction in New Jersey, and because a substantial portion of the events or omissions giving rise to Ms. Porcello's claim did not take place in New Jersey, venue is improper.

Accordingly, consistent with the guarantees of due process in the United States Constitution and New Jersey federal and state court precedent, this Court should dismiss Ms. Porcello's Complaint.

## I.        PROCEDURAL HISTORY

Ms. Porcello instituted this action by filing a Complaint in the New Jersey Superior Court, Essex County on May 20, 2013.  TWDC was served on June 10, 2013.  TWDC removed

this action to this Court on July 8, 2013.  To date, neither Euro Disney S.C.A. nor Euro Disney Associes S.C.A. has been served.  Ms. Porcello consented to extend the time within which TWDC would have to answer or otherwise respond to the complaint until November 12, 2013. TWDC now moves to dismiss the claims against it for lack of personal jurisdiction and improper venue.

## II.    <u>STATEMENT OF FACTS</u>

Ms. Porcello's complaint alleges that she was injured when she slipped and fell on a wet area inside the "Star Wars" ride at the Disneyland Paris Park.  (Complaint at p. 2, ¶¶ 4-5).  She alleges that TWDC is the "owner, operator and manager of Euro Disney S.C.A. d/b/a Disneyland Paris and Euro Disney Associes S.C.A. d/b/a Disneyland Paris."  (<u>Id.</u> at p. 3, Count Two, ¶ 2). Ms. Porcello further alleges that TWDC "created and are [sic] responsible for the concept and operations at Disneyland Paris" and that TWDC is therefore liable for her alleged injuries.  Ms. Porcello also alleges that TWDC is vicariously liable for the activities of Euro Disney S.C.A. and Euro Disney Associes S.C.A., because TWDC "holds itself out as the umbrella company that owns, operates, maintains and controls" those entities.  Ms. Porcello does not allege any facts to support a finding of personal jurisdiction over TWDC in New Jersey.

TWDC is a Delaware corporation authorized to do business in California and New York. (<u>See</u> Certification Of Marsha Reed In Support Of Motion To Dismiss ("Reed Cert.") at ¶ 2). TWDC is primarily a holding company; its business consists primarily of the ownership of stock in a variety of companies operating in, among others, the fields of entertainment, recreation, and consumer products licensing.  (<u>See id.</u>).  TWDC is a separate corporate entity from both Euro Disney S.C.A. and Euro Disney Associes S.C.A.  (<u>Id.</u> at ¶ 4).  TWDC does not own or operate the Disneyland Paris Park.  (<u>Id.</u> at ¶ 2).  TWDC: (1) is not qualified to do business in New

Jersey, (2) does not conduct business in New Jersey, (3) has neither incurred nor paid taxes in New Jersey, (4) has not appointed an agent for the service of process in New Jersey, (5) has no office, place of business, or employees in New Jersey, (6) owns no real estate, bank accounts or other assets in New Jersey, and (7) should not be listed in any New Jersey telephone directories. (Id. at ¶ 3).

### III.   ARGUMENT

**A.   THE COURT SHOULD DISMISS MS. PORCELLO'S COMPLAINT BECAUSE THE COURT LACKS PERSONAL JURISDICTION OVER TWDC**

**1.   Legal Standard For A Motion To Dismiss Pursuant To Rule 12(b)(2)**

Rule 12(b)(2) allows a defendant to move to dismiss a complaint based on lack of personal jurisdiction.  A Rule 12(b)(2) motion "is inherently a matter which requires resolution of factual issues outside the pleadings, i.e. whether in personam jurisdiction actually lies." Time Share Vacation Club v. Atl. Resorts, Ltd., 735 F.2d 61, 67 n. 9 (3d Cir. 1984).  "Once the defense has been raised, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence." Id.  "[A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion." Id.  "Once the motion is made, plaintiff must respond with actual proofs, not mere allegations." Id. See also Regan v. Loewenstein, 292 Fed. Appx. 200, 204-205 (3d Cir. 2008); Parker v. Learn the Skills Corp., 219 Fed. Appx. 187, 190 (3d Cir. 2007); North Penn Gas Co. v. Corning Natural Gas Corp., 897 F.2d 687, 689 (3d Cir. 1990); Patterson v. FBI, 893 F.2d 595, 604 (3d Cir. 1990); Ajax Enters. v. Szymoniak Law Firm, P.A., No. 05-5903, 2008 WL 1733095, at * 1 (D.N.J. Apr. 10, 2008); China Am. Coop. Inc. v. Estrada Rivera Enters. Corp.,

No. 07-5156, 2008 WL 305744, at * 2 (D.N.J. Jan. 25, 2008); Panella v. O'Brien, No. 05-1790, 2006 WL 2466858, at * 3 (D.N.J. Aug. 24, 2006); A.V. Imps., Inc. v. Col de Fratta, S.p.A., 171 F. Supp. 2d 369, 371 (D.N.J. 2001); Amberson Holdings LLC v. Westside Story Newspaper, 110 F. Supp. 2d 332, 335 (D.N.J. 2000).  Prior to an evidentiary hearing, a plaintiff can sustain her burden only if she makes a prima facie showing of jurisdiction by submitting evidence that "establish[es] with reasonable particularity sufficient contacts between the defendant and the forum state." Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n., 819 F.2d 434, 437 (3d Cir. 1987); see also, A.V. Imps., 171 F. Supp. 2d at 371.[1]  If a plaintiff fails to sustain her burden, the court must dismiss the complaint or, if justice requires, transfer the case to a venue where personal jurisdiction exists.  See 28 U.S.C. § 1406(a), § 1631.

### 2.    Principles Governing Personal Jurisdiction Inquiry

A district court may assert personal jurisdiction over a non-resident defendant to the extent allowed by the law of the state where the district court sits.  Fed. R. Civ. P. 4(e).  The law of New Jersey, in turn, allows a court to exercise jurisdiction over a defendant to the extent permitted by the United States Constitution.  See Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 96 (3d Cir. 2004).  The Due Process Clause of the Fourteenth Amendment permits a court to exercise personal jurisdiction only if a defendant has sufficient "minimum contacts" with the forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Provident Nat'l Bank, 819 F.2d at 437 (internal quotations omitted).

---

[1]     Despite the cases cited above, which establish that a plaintiff responding to a motion to dismiss for lack of personal jurisdiction may not rely on mere allegations, but instead must submit actual proof of the defendant's contacts, there is a line of cases in the Third Circuit that states, in the absence of an evidentiary hearing, courts must accept the plaintiff's allegations as true when reviewing a Rule 12(b)(6) motion.  See, e.g., Cataret Sav. Bank, FA v. Shushan, 954 F.2d 141, 142, n. 1 (3d Cir. 1992).  That line of cases is irrelevant here, however, because Ms. Porcello's Complaint makes no allegations, not even vague, conclusory ones, that TWDC has contacts with New Jersey sufficient to support the exercise of jurisdiction over TWDC.

While there is no fixed standard to measure the required contacts, a defendant's purposeful contacts with the forum state must be such that the defendant "should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).  "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958).

The "purposeful availment" requirement ensures that a defendant will not be required to litigate in a forum solely as a result of "random," "fortuitous," or "attenuated" contacts, or the unilateral activity of the plaintiff or some other person. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474-75 (1985).  Indeed, "[t]he unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State." Hanson, 357 U.S. at 253.  Rather, courts must focus on the "'quality and nature' of the defendant's activity." Kulko v. Superior Court of Cal., 436 U.S. 84 (1978) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1946)). In short, due process requires that a defendant have "fair warning that a particular activity may subject [it] to the jurisdiction of a foreign sovereign." Burger King, 471 U.S. at 472 (quoting Shaffer v. Heitner, 433 U.S. 186, 218 (1977) (Stevens, J., concurring)).

Such "fair warning"—and therefore personal jurisdiction—exists in two situations.  First, a court has "specific jurisdiction" over a defendant when a plaintiff's claim is "related to or arises out of the defendant's contacts with the forum." Dollar Sav. Bank v. First Sec. Bank of Utah, 746 F.2d 208, 211 (3d Cir. 1984).  The "fair warning" requirement is satisfied if the defendant has "purposefully directed" its activities at residents of the forum, and the litigation results from alleged injuries that "arise out of or relate to those activities." Burger King, 471 U.S.

5

at 472.   Second, a court has "general jurisdiction" over a defendant who has maintained continuous, substantial, and systematic contacts with the forum, even if the plaintiff's claim does not arise out of the defendant's contacts with the forum. See Helicopteros Nacionales de Colom., S.A. v. Hall, 466 U.S. 408, 414-16, 415 n.9 (1984); Provident Nat'l Bank, 819 F.2d at 437.   To prove that general jurisdiction exists, the plaintiff must meet a "much higher threshold." Reliance Steel Prod. Co. v. Watson, Ess, Marshall & Enggas, 675 F.2d 587, 589 (3d Cir. 1982). The defendant's contacts with the forum must be extensive and pervasive, such that the defendant should expect to be haled into court on any cause of action.   Id.; Helicopteros, 466 U.S. 408, 414-16; Provident Nat'l Bank, 819 F.2d at 437.   In all cases, "the Constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum state." Burger King, 471 U.S. at 474 (quoting Int'l Shoe, 326 U.S. at 316).

### 3.   Plaintiff Cannot Sustain Her Burden Of Proving That TWDC Has Sufficient Contacts With New Jersey To Support Jurisdiction

In this case, Ms. Porcello alleges that she was injured while she was a guest at the Disneyland Paris Park, in Marne-la-Vallèe, France.   The events that gave rise to Ms. Porcello's alleged injuries took place in France, not in New Jersey.   The only contacts Ms. Porcello alleges with New Jersey are that she purchased her tickets to the Disneyland Paris Park over the internet from her home in New Jersey from Euro Disney S.C.A. and Euro Disney Associes S.C.A., and that Euro Disney S.C.A. and/or Euro Disney Associes S.C.A. solicited Ms. Porcello over the internet "to purchase other services that they provided, such as lunch and dinner."  (Complaint at pp. 1 - 2, Count One, ¶¶ 1 and 2).   As explained above, TWDC does not own or operate the Disneyland Paris Park, and TWDC is a separate and distinct corporate entity from both Euro Disney S.C.A. and Euro Disney Associes S.C.A.  (See Reed Cert. at ¶¶ 2, 4).  Thus, TWDC is an improper party in this case.  Even if TWDC were a proper party, however, the record in this case

reflects that TWDC does not have the requisite minimum contacts with New Jersey to support the exercise of personal jurisdiction.  As set forth above, Ms. Porcello's Complaint does not allege a single contact TWDC has with New Jersey and thus she fails to satisfy the "burden of establishing with reasonable particularity sufficient contacts between defendant and the forum state to support jurisdiction." Provident Nat'l Bank, 819 F.2d at 437.

TWDC does not engage in the type of continuous, substantial, and systematic activities in New Jersey that would subject it to general jurisdiction here.  To the contrary, TWDC has *no* meaningful presence in New Jersey.  (Reed Cert. at ¶¶ 2-3).  TWDC is not registered to do business in New Jersey and it does not conduct business here.  (Id. at ¶ 3).  It has no office, place of business, employees, or agent for service of process in New Jersey and should not be listed in any New Jersey telephone directory.  (Id.).  TWDC has not incurred or paid any taxes in New Jersey and it owns no real estate, bank accounts or other assets here.  (Id.).

Ms. Porcello likewise cannot establish that TWDC is subject to specific jurisdiction because she does not even allege that her claims are related to any activities of TWDC in New Jersey.  Rather, Ms. Porcello's claims arise solely out of the alleged acts or omissions of Euro Disney S.C.A. and Euro Disney Associes S.C.A. in France.

This Court and the Superior Court of New Jersey have repeatedly dismissed or transferred, due to the lack of personal jurisdiction in New Jersey, lawsuits seeking damages for injuries allegedly occurring to guests visiting the Walt Disney World Resort in Florida.  The reasoning that led courts in at least sixteen (16) guest claim cases, like this one, to conclude the defendant(s) in those cases did not have contacts with New Jersey sufficient to warrant jurisdiction applies with equal force to the allegations raised as to TWDC in this case.   See

7

Krebs v. Walt Disney World Co. et al., Civil Act. No.08-5177 (D.N.J. May 20, 2009), Letter Order (Turner Cert. Ex. B); Boily v. Walt Disney World Co., et al., Civil Act. No. 08-4967 (D.N.J. May 1, 2009), Order (Turner Cert. Ex. C); Iocona v. Walt Disney World Co., et al., Civil Act. No. 04-3050 (D.N.J. May 17, 2005), Order (Turner Cert., Ex. D); Wissman v. Walt Disney World Co., Civ. Act. No. 02-4566 (D.N.J. Sept. 4, 2003), Opinion and Order (Turner Cert., Ex. E); Kozikowski v. Walt Disney World Co., Civ. Act. No. 02-2216 (WGB) (D.N.J. Feb. 7, 2003), Opinion and Order (Turner Cert., Ex. F); Bostrom v. Walt Disney World Co., Civil Act. No. 99-5180 (D.N.J. May 10, 2000), Memorandum and Order (Turner Cert, Ex. G); Vacca v. Walt Disney World Co., et al., Civ. Act. No. 91-4110 (D.N.J. Jan. 6,1992), Opinion (Turner Cert., Ex. H); Mahanna v. Walt Disney, Inc., et al., Docket No. HUD-L-007428-02 (N.J. Super., Law Div., August 25, 2003), Order (Turner Cert., Ex. I); Dondarski v. Walt Disney World Co., Docket No. DC-2622-99 (Law Div., Spec. Civ. Pt., June 4, 1999), Order (Turner Cert., Ex. J); Lapidus v. Walt Disney World Co., Docket No. ESX-L-4258-97 (N.J. Super., Law Div., May 7, 1999) Order (Turner Cert., Ex. K); Davis v. Walt Disney World, Docket No. MID-L-8076 (N.J. Super., Law Div., Jan. 29, 1999), Transcript of Motion and Order (Turner Cert., Ex. L); Roach v. Walt Disney World Co., Docket No. MID-L-11630-96 (N.J. Super., Law Div., Apr. 21, 1997), Order (Turner Cert., Ex. M); Horan v. Walt Disney World Co., Docket No. MON-L-5265-96 (N.J. Super., Law Div., Mar. 7, 1997), Order (Turner Cert., Ex. N); Bahamondes v. Walt Disney Company d/b/a Walt Disney World Co., Docket No. OCN-L-1595-96 (N.J. Super., Law Div., Nov. 22, 1996), Order (Turner Cert., Ex. O); Jamison v. Walt Disney World, Inc., Docket No. MON-L-6011-95 (N.J. Super., Law Div., Mar. 1, 1996), Order (Turner Cert., Ex. P); and Melton-Levine v. Walt Disney World Company, et al., Docket No. ESX-L-000397-95 (N.J. Super., Law Div., Sept. 27, 1996), Order (Turner Cert., Ex. Q). Compare Marchiafava v. Walt

8

Disney World Co., Docket No. CAM-L-2049-90 (N.J. Super., Law Division, March 15, 1991), Order (Turner Cert., Ex. R) (a 22-year old decision in which the Law Division concluded that the activities of The Disney Store, Inc., a California corporation which was neither owned nor operated by Walt Disney World Co., subjected Walt Disney World Co. to jurisdiction in New Jersey; a conclusion that New Jersey courts later rejected in Wissman-Davis; and Melton-Levine, cited above).

As with the defendant(s) in the many cases cited above, TWDC has no systematic contacts with New Jersey and the claims are not based on alleged acts by TWDC in New Jersey. Indeed, this court recently dismissed a theft of intellectual property rights lawsuit against TWDC for lack of personal jurisdiction finding that TWDC did not have "continuous and systematic" contacts with New Jersey to establish general jurisdiction and that the complaint did not allege any conduct by TWDC "purposefully directed at New Jersey" to establish specific jurisdiction. Rosato v. Walt Disney Co., No. 11-7320, 2012 WL 4464030, * 5 - * 7 (D.N.J. Aug. 27, 2012). Furthermore, in similar circumstances to the facts at issue here, courts in other states have dismissed claims against TWDC for lack of personal jurisdiction.  See, e.g., Abramson v. Walt Disney Co., 132 Fed. Appx. 273, 275-75 (11th Cir. 2005) (affirming dismissal of TWDC for lack of personal jurisdiction from personal injury action that was pending in Middle District of Florida; injury allegedly resulted from fall at Disney's Animal Kingdom in Florida);  Barrett v. Walt Disney Co., 3:02CV1285, 2003 WL 22509409 (D. Conn. May 1, 2003) (TWDC dismissed for lack of personal jurisdiction from personal injury action pending in District of Connecticut; injury allegedly resulted from fall at Disney's Contemporary Resort in Florida).

In short, TWDC has not availed itself of the privilege of conducting activities in New Jersey and, accordingly, Ms. Porcello cannot demonstrate that TWDC has had any purposeful

contacts with New Jersey that would lead TWDC to reasonably anticipate being subject to personal jurisdiction in New Jersey.  Therefore, this Court should grant TWDC's motion and dismiss Ms. Porcello's claims against TWDC for lack of personal jurisdiction.

### B.   THE COURT SHOULD DISMISS MS. PORCELLO'S COMPLAINT BECAUSE VENUE IS IMPROPER

#### 1.   Standard For A Motion To Dismiss Pursuant to Rule 12(b)(3)

Rule 12(b)(3) allows a defendant to move to dismiss a complaint based on improper venue.  The burden to show improper venue is on the moving party.  <u>Myers v. Am. Dental Ass'n</u>, 695 F.2d 716, 724-25 (3d Cir. 1982).  In ruling on a Rule 12(b)(3) motion, courts "accept as true all of the allegations in the complaint, unless those allegations are contradicted by the defendants' affidavits."  <u>Bockman v. First Am. Marketing Corp.</u>, 459 Fed. Appx. 157, 158 n. 1 (3d Cir. 2012).

#### 2.   Standards Governing Venue Inquiry

When jurisdiction is based on diversity of citizenship, a plaintiff may bring a case in:

> (1)   a judicial district in which any of the defendants reside, if all defendants are residents of the State in which the district is located;
>
> (2)   a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3)   if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391 (b).  The venue statute further provides:

> **(c)    Residency.** – For all venue purposes –

\* \* \*

> **(3)**   a defendant not resident in the United States may be
> sued in any judicial district, and the joinder of such
> a defendant shall be disregarded in determining
> where the action may be brought with respect to
> other defendants.

28 U.S.C. § 1391(c)(3).

### 3.   Venue Is Improper In The District Of New Jersey

Ms. Porcello asserts claims against TWDC and two French entities, Euro Disney S.C.A., and Euro Disney Associes S.C.A.  Under the venue statute, the French entities are disregarded in determining whether venue is proper.  See 28 U.S.C. § 1391(c)(3).  Thus, venue in this case is proper in the District of New Jersey only if it is proper as to TWDC.

As set forth above, Ms. Porcello's claims arise out of an accident that took place in France at the Disneyland Paris Park, when Ms. Porcello allegedly slipped on a wet area inside the "Star Wars" ride.  (Complaint, p. 2, ¶ 5).   The alleged connection with New Jersey is Ms. Porcello's residence, and the fact that she purchased tickets to the Disneyland Paris Park over the internet from her home and received certain solicitations from Euro Disney S.C.A., and/or Euro Disney Associes S.C.A. after purchasing the tickets.  As the Third Circuit has explained, "[s]ubstantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute."   See, e.g., Cottman Transmission Systems, Inc. v. Martino, 36 F.3d 291, 293-94 (3d Cir. 1994) ("[T]he current statutory language still favors the defendant in a venue dispute by requiring that events or omissions supporting a claim be 'substantial.'  Events or omissions that might only have some tangential connection with the dispute in litigation are not enough.").  The mere purchase of tickets in New Jersey for a venue in France, even coupled with follow-up solicitations for the

purchase of additional services that may or may not have been purchased, does not constitute a "substantial" part of a claim involving a fall in France.  See, e.g., Costa v. Marriott Int'l, Inc., 2012 WL 6151745 (E.D. Pa. Dec. 11, 2012) (in claim alleging bodily injury resulting from slip and fall at a resort, substantial portion of events giving rise to claims—the fall and the negligence leading to the fall—occurred at resort, not in plaintiff's home state).   Because a "substantial" part of the events giving rise to Ms. Porcello's claim did not take place in New Jersey, venue in the District of New Jersey is not proper under 28 U.S.C. § 1391(b)(2).

Moreover, as discussed above, TWDC is not subject to personal jurisdiction in the District of New Jersey.  A case filed against a single defendant is filed in the wrong venue if, as here, the defendant is not subject to personal jurisdiction in that venue.  See 28 U.S.C. § 1391 (a), (c).   Thus, venue is improper in the District of New Jersey, and Ms. Porcello's complaint should be dismissed.

## **CONCLUSION**

For all of the foregoing reasons, TWDC respectfully requests that this Court dismiss Ms. Porcello's Complaint pursuant to F.R.C.P. 12(b)(2) and (3).

Respectfully submitted,

Drinker Biddle & Reath LLP
Attorneys for Defendant,
The Walt Disney Company
*s/Erin M. Turner*
Erin M. Turner

Dated:  November 12, 2013

13